# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **TONETT WELLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NUMBER:** _____ |
| | ) | |
| **LIFE INSURANCE COMPANY** | ) | |
| **OF NORTH AMERICA** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Comes now the Plaintiff, Tonett Wells and hereby files her Complaint against Life Insurance Company of North America.

## PARTIES

1. The Plaintiff, Tonett Wells ("Wells"), is an insured under ERISA-governed Group Long-Term Disability Policy No. FLK-0980031 (the "Plan") who has been improperly denied disability benefits under the Plan.

2. Defendant, Life Insurance Company of North America ("LINA") is the Administrator for the Plan issued to Quest Diagnostics, Inc. Defendant has improperly denied owed benefits to Ms. Wells under Group Long-Term Disability Policy No. FLK-0980031. Upon information and belief, LINA is a foreign corporation doing business throughout the United States, in the State of Alabama and in this district.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. Plaintiff asserts claims for long-term disability and waiver of premium benefits, enforcement of ERISA rights, and statutory violations of ERISA under 29 U.S.C. §1132. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a),(e)(1) and (f) and 28 U.S.C. §1131. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## INTRODUCTION

4. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Ms. Wells, as an employee insured for disability, should have been treated as a beneficiary by the Defendant as statutory fiduciary. Instead, the Defendant victimized Ms. Wells by engaging in utterly reprehensible claim handling procedures. The shortcomings of ERISA as it relates to claims for "welfare" benefits have been exploited by the Defendant to avoid paying Ms. Wells' valid claim that would otherwise be payable under state insurance law. As described in more detail below, the Defendant has clearly engaged in bad faith claim handling and Ms. Wells, at a minimum, is patently entitled all relief that

ERISA provides.

## STATEMENT OF FACTS

5. Ms. Wells is an insured under LINA's Group Long-Term Disability Policy No. FLK-0980031 sponsored by her employer, Quest Diagnostic, Inc. The insurance provides insureds, like Ms. Wells, long term disability ("LTD") benefits.

6. Ms. Wells is fifty-three years old. She worked at Quest Diagnostic as a phlebotomist until she became disabled from all work as of September 7, 2017.

7. Ms. Wells' medical conditions include fibromyalgia; chronic neck pain s/p fusion; IBS-D; shoulder pain; bilateral wrist pain; migraine headaches; left foot pain; mitral valve prolapse; thyroid disorder; osteoarthritis; and side effects from medications. Ms. Wells has limited range of motion and suffers impairing side effects from her prescribed medications including fatigue, tiredness, and dizziness. In addition to her independently disabling physical impairments, Ms. Wells also suffers from depressive disorder, anxiety and memory impairment. However, her physical conditions and symptoms alone are enough to render Ms. Wells unable to perform all work.

8. LINA approved Ms. Wells for short-term disability benefits before denying her long-term benefits by letter dated March 22, 2018. (*See* March 22, 2018 LTD Denial Letter from LINA, attached hereto as Exhibit "A").

9. Ms. Wells appealed the denial by letter dated June 28, 2018 and submitted supportive evidence of her disability. (*See* LTD Appeal dated June 28, 2018, attached hereto as Exhibit "B" (without attachments)).

10. LINA upheld its erroneous denial of benefits by letter dated August 27, 2018. (*See* LTD Appeal Denial Letter dated August 27, 2018, attached hereto as Exhibit "C").

11. Ms. Wells appealed again by letter dated September 18, 2018 and again submitted additional supportive evidence of her disability. (*See* LTD Second Appeal dated September 18, 2018, attached hereto as Exhibit "D" (without attachments)).

12. Despite receiving extensive evidence showing Ms. Wells' continuing chronic pain, fatigue, mental health issues, limited range of motion, and other debilitating side effects from her necessary medications, LINA issued a final denial by letter dated November 20, 2018. (*See* LTD Final Denial Letter dated November 20, 2018, attached hereto as Exhibit "E").

13. In all denials LINA relied on the opinions of its paid medical reviewers who never examined Ms. Wells. (*See* Exhibits "A" "C" & "E").

14. Ms. Wells' treating physician, Dr. Andrew Huang, repeatedly opined that Ms. Wells' restrictions and limitations caused by her multiple medical conditions were permanently disabling. (*See* Attending Physician Statements and Medical Opinion Letters by Dr. Huang, attached hereto as Exhibit "F").

15.     Ms. Wells underwent a physical and psychological evaluation in connection with her Social Security disability claim and both examining consultants found Ms. Wells to be significantly more limited than the non-examining consultants upon which LINA based its denial of benefits. (*See* Physical and Psychological Evaluations, attached hereto as Exhibit "G").

16.     As of this date Ms. Wells has been denied benefits rightfully owed to her under the plan. LINA's decision to deny LTD and WOP benefits under the plan was grossly wrong, without basis and contrary to the evidence.

17.     Ms. Wells met and continues to meet the plan's definition of "disabled."

18.     The Defendant did not establish and maintain a reasonable claim procedure or provide a full and fair review of Ms. Wells' claim as required by ERISA. Instead, Defendant acted only in its own pecuniary interests and violated ERISA by conduct including, but not limited to, the following: reviewing the claim in a manner calculated to reach the desired result of denying benefits; failing to properly consider and credit the medical opinions of Ms. Wells' medical providers; and failing to have Ms. Wells submit to independent medical exams as allowed by the Plan.

19.     Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to LINA or to any other entity who may have adjudicated Ms. Wells' claim. Therefore, the Court should review the

Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the alternative, the denial of Plaintiff's benefits constitutes an abuse of discretion.

20. Upon information and belief, LINA was required to both evaluate and pay claims under the Plan at issue, creating an inherent conflict of interest.

21. Ms. Wells has exhausted any applicable administrative review procedures, and LINA's refusal to pay benefits is both erroneous and unreasonable and has caused tremendous financial hardship on Plaintiff.

## DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT

**A. Defendant's Determination that Plaintiff does not Meet the Definition of Disability as Stated in the Plan was both Erroneous and Unreasonable.**

22. The Long-Term Disability plan at issue states, in part:

**Disability/Disabled**
You are considered Disabled if, solely because of Injury or Sickness, you are:
1. unable to perform the material duties of your Regular Occupation; and
2. unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.

After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:
1. unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of your Indexed Earnings.

(*See* LINA LTD Policy, attached hereto as Exhibit "H").

23. LINA's decision to terminate benefits was based on flawed and unreliable medical and vocational evidence and analyses that were obtained from

6

biased and conflicted sources. LINA also disregarded reliable evidence establishing Ms. Wells' ongoing disability.

24. Ms. Wells struggles with debilitating pain and symptoms from her conditions every single day. She suffers from severe depression due primarily due to being in constant pain. Though her mental health conditions cause significant limitations, her physical conditions are independently disabling and she met and continues to meet the definition of disabled under the policy even when based solely on her physical conditions. LINA's assertion that she is not disabled is at the very least unreasonable.

>    **B.  Defendant's Decision to Terminate Long Term Disability and Waiver of Premium Benefits was not Supported by Substantial Evidence.**

25. In its consideration of Ms. Wells' claim, LINA only retained paid consultants to review her medical records. The sole reason for LINA's termination was that its paid paper reviewers, who never actually examined Ms. Wells, determined that she did not suffer disabling restrictions and limitations.

26. Considering the nature of her conditions and her well-documented struggles with treatment, the notion that she is not restricted from work is absurd. Based on the language of the policy and common-sense practice, LINA could have requested an independent medical examination of Ms. Wells. Instead, it determined that an in-house vocational analysis and paid paper review were superior to years of

treatment records and recommendations from Ms. Wells' actual treating physicians.

27. Ms. Wells' medical files clearly demonstrate that she is disabled. Ms. Wells' treating physicians have attested to her disabilities on multiple occasions. LINA was provided with numerous capacity reports that consistently stated Ms. Wells would be disabled indefinitely. LINA also had access to the Social Security Administration's examining consultants' reports, as well as records from Ms. Wells' treating physicians clearly documenting Ms. Wells' constant struggle with debilitating pain, fatigue and mental health issues.

28. The records of Ms. Wells' long-standing medical providers, who have no stake in the outcome of the case, clearly evidence that she is disabled based on their numerous personal examinations, testing, and procedures. Their opinions are consistent with the record as a whole.

29. LINA's hired medical reviewers, on the other hand, did not examine Ms. Wells. The conclusion that Ms. Wells was not disabled was based merely on hired reviewers' assessment of her medical records. The opinions of LINA's medical reviewers do not support the revocation of benefits because the opinions of these non-examining consultants hired by the insurance company are the only "evidence" contrary to the opinions of Ms. Wells' treating physicians.

30. Not only did LINA's hired medical consultants never examine Ms. Wells but there is no evidence to support their position that she was less restricted than indicated by her treating physicians.

31. Ms. Wells' own medical physicians' evaluations were objective and reliable and should have been afforded far greater weight than those of consultants hired by Defendant, especially since Defendant's reviewers never bothered with even one of the multiple physical exams allowed by the Plan. (*See* Exhibit "H"). Accordingly, Defendant's denial of Ms. Wells' LTD benefits was based on insufficient evidence.

    **C.    Defendant's Failure to Properly Credit Ms. Wells' Well-Documented Complaints Pain was Arbitrary and Capricious.**

32. Ms. Wells' primary disabling impairments have been established by objective proof and have been diagnosed by her treating physicians based on her medical history, physical examinations, imaging and observation.

33. While pain can be a subjective component of Ms. Wells' conditions it is reasonable and expected that her conditions would cause the level of pain claimed by Ms. Wells.

34. In its denial letters, LINA made no mention of how Ms. Wells' severe pain and fatigue from her necessary medical treatments would affect her ability to perform work.

35. The record in this case reveals well-documented complaints of debilitating pain. There is no objective evidence to contradict Ms. Wells' complaints and therefore LINA cannot discredit her subjective complaints.

36. It was substantively unreasonable for the LINA to deny benefits for Ms. Wells' disabilities involving subjective elements such as pain and fatigue.

37. Ms. Wells provided chart notes, standard diagnoses, imaging and lab reports from multiple physicians to support her claim and the policies at issue do not contain an objective evidence requirement.

38. Ms. Wells has submitted credible evidence of the subjective components of his condition and objective evidence of the underlying neck, back and joint conditions causing her pain.

39. LINA made no effort to evaluate the veracity of Ms. Wells' claim and did not identify what objective evidence she could have or should have produced to be sufficient to prove subject elements of her claim.

40. Ms. Wells' medical records contain well-documented complaints of pain and treatments prescribed by her treating physicians. The records provided to LINA show Ms. Wells' long-time struggles with headaches, fatigue, joint pain, as well as a host of other side effects from her necessary medications.

41. LINA did not credit these well-documented complaints or the opinions of Ms. Wells' treating physicians, and instead unreasonably denied her claim.

42. In its review, LINA also failed consider non-exertional limitations including (1) memory limitations, including those related to the side effects of prescription medications and pain; (2) limited manual dexterity and range of motion; and (3) a limited ability to remain seated for an extended period of time. Such non-exertional limitations are important aspects of vocational capacity that LINA did not properly evaluate.

## CAUSES OF ACTION

### Count One
### ERISA (Claim for Benefits Owed under Plan)

43. Plaintiff hereby incorporates by reference each and every fact as if it was restated herein.

44. At all times relevant to this action Ms. Wells was a participant of Group Long-Term Disability Policy No. FLK-0980031 (the "Plan") within the meaning of 29 U.S.C § 1002(7) and was eligible to receive disability benefits under the Plan.

45. As more fully described above, the termination and refusal to pay Ms. Wells benefits under the Plan for the period of at least on or about March 2018 through the present constitutes a breach of Defendant's obligations under the plan and ERISA. The decision to deny benefits to Ms. Wells was not reasonable and it was not based on substantial evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. That the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. From at least September 2017 through the present, Ms. Wells met the Plan's definition of disabled;

4. Defendant shall pay Ms. Wells all benefits due for the period from at least March 2018 through the present in accordance with the policy;

5. Defendant shall pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

6. Defendant shall continue paying Plaintiff's LTD benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Policy's Maximum Benefit Period, so long as she continues to meet the policy conditions for continuance of benefits;

7. Defendant shall pay attorney's fees for Plaintiff's counsel pursuant to 29 U.S.C. § 1132(g);

8. Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

            Respectfully Submitted,


            /s/ *Amanda Stansberry*
            Amanda Stansberry (ASB-7793-M64S)

STANSBERRY LAW, LLC
420 N. 20TH Street
Suite 2200
Birmingham, Alabama 35203
Phone:   205-379-1059
Fax:   833-583-4357
amanda@stansberrylaw.com


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

CT Corporation System
Life Insurance Company of North America
2 North Jackson Street
Suite 605
Montgomery, AL  36104

13